IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TERENCE RENATO STOKES, JR.,**

     **Plaintiff,**

v.                                                    **CIVIL ACTION NO.: 3:24-CV-5 (GROH)**

**WEXFORD HEALTH SERVICES,
LABCORP, ARAMARK,
PRUNTYTOWN CORRECTIONAL CENTER,
DIVISION OF CORRECTIONS,
STATE OF WEST VIRGINIA,
and DR. BARNETT, MD,**

     **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DISMISSING COMPLAINT WITH PREJUDICE

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on December 5, 2024. ECF No. 78. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. In it, Magistrate Judge Trumble recommends this Court dismiss the Plaintiff's Complaint with prejudice. The Plaintiff timely filed his objections to the R&R on December 23, 2024. ECF No. 82. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On January 8, 2024, the Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Plaintiff alleges three claims against the Defendants. First, he alleges Dr. Barnett violated the Plaintiff's Eighth Amendment rights by failing to provide correct

medical attention. Second, Dr. Barnett, Pruntytown Correctional Center, Labcorp, Department of Corrections, and the State of West Virginia failed to enforce and provide the proper health services to the Plaintiff. Third, Pruntytown, Aramark, DOC, and State of West Virginia were deliberately indifferent to and failed to provide the Plaintiff with an appropriate diabetic diet.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately describe the circumstances underlying the Plaintiff's claims. The Plaintiff makes no objections to the R&R's recitation of the facts. Thus, for ease of review, the Court incorporates the facts from the R&R as if they were stated in this Order.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. But the Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections waives de novo review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate

2

judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766.

Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. The Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation is required of the district court when adopting an R&R). The Fourth Circuit has explained,

> To trigger de novo review, an objecting party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection. Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. District courts are not expected to relitigate entire cases to determine the basis of a litigant's objection. If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only.
>
> Importantly, objections need not be novel to be sufficiently specific. . . . If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III.

Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (cleaned up). More recently, it also explained that when objections are "not specific to the particularized legal

3

recommendations made by the magistrate judge, . . . appellate review is foreclosed." Rosa-Sanchez v. Ray, No. 24-6802, 2024 WL 5232912, at *1 (4th Cir. Dec. 27, 2024).

### III. DISCUSSION

The Plaintiff's objections do not address the R&R's analysis of his claims against Aramark, Pruntytown Correctional Center, Division of Corrections or the State of West Virginia. The Plaintiff's first specific objection is to the R&R's analysis of LabCorp's motion to dismiss. Plaintiff argues that "Defendant LabCorp is in a close relationship with a state actor." ECF No. 82 at 2. This is not the standard to establish § 1983 liability against a private entity as if it were a state actor. Other than stating this legal conclusion, the Plaintiff offers no further support for his contention.

The law is clear that "to be liable under § 1983, a party must be one who may fairly be said to be a state actor, such that the allegedly unconstitutional conduct is fairly attributable to the State." Cox v. Duke Energy Inc., 876 F.3d 625, 633 (4th Cir. 2017) (cleaned up). As the R&R's unrebutted analysis explains, there has been no showing that LabCorp may fairly be said to be a state actor. Thus, the Plaintiff's objection to section three of the R&R's analysis is overruled.

Next the Plaintiff objects to the R&R's determination that he failed to exhaust his administrative remedies. ECF No. 82 at 2. The Court notes Dr. Barnett and Aramark's motions to dismiss argued the Plaintiff failed to exhaust his administrative remedies, and the Plaintiff previously responded to these arguments. The R&R recommends the claims against Dr. Barnett and Aramark be dismissed for failure to exhaust. The Undersigned disagrees.

The Plaintiff correctly points out it is not his burden to plead or demonstrate that he exhausted his remedies. Failure to exhaust "is an *affirmative defense* under PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 204 (2007); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Based on the record, the Court is not convinced—enough to dismiss the Complaint—the Plaintiff failed to exhaust his administrative remedies. If this were the sole bases for Defendants' motions to dismiss, the would be denied without prejudice.

But Dr. Barnett and Aramark included multiple grounds for dismissal. Unfortunately, the R&R only analyzed the exhaustion of administrative remedies arguments.

Dr. Barnett and Aramark argued dismissal is appropriate under Rule 12 because the Plaintiff failed to sate a claim. See ECF Nos. 70-1 at 7; 33 at 7. The Court incorporates the Defendants' arguments by reference. Succinctly, the Plaintiff's allegations amount to generic negligence—at best. Nothing in the Complaint rises to the level of deliberate indifference. The Court finds the required elements to sustain a § 1983 claim have not been met, and dismissal is warranted under Rule 12.

The other issues raised in the Plaintiff's objections are either general grievances or lack specificity or relevance to the legal issues before this Court. Still, the Court has the benefit of the Defendants' Motions to Dismiss and the Plaintiff's Responses—on top of the R&R. The Court has scrutinized all the filings in this case. Upon consideration of the file, the Plaintiff's remaining objections are overruled. When a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets,

5

Inc., 313 F.3d 758, 766 (2d Cir. 2002). Thus, the Court reviewed the rest of the R&R for clear error and finds none.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and mostly applies the appropriate legal analysis. The Plaintiff's Objections to the exhaustion of his administrate remedies are **SUSTAINED**. The Plaintiff's remaining objections are **OVERRULED.** ECF No. 82. Accordingly, Magistrate Judge Trumble's Report and Recommendation [ECF No. 78] is hereby **ORDERED ADOPTED IN PART** consistent with this Order for the reasons more fully stated in it and incorporated as if they were set forth in this Order.

As for Dr. Barnett and Aramark, their Motions to Dismiss are **GRANTED** because the Plaintiff has failed to adequately state a claim. ECF Nos. 32 & 70.

The remaining Defendants' Motions to Dismiss [ECF Nos. 15, 18 & 37] are **GRANTED**, and the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. ECF No. 1.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and to the pro se Plaintiff, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** February 7, 2025

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE